Matter of Bellet Constr. Co., Inc. v LaRocca (2023 NY Slip Op 01046)

Matter of Bellet Constr. Co., Inc. v LaRocca

2023 NY Slip Op 01046

Decided on February 23, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 23, 2023

Before: Renwick, J.P., González, Shulman, Rodriguez, Higgitt, JJ. 

Index No. 152529/21 Appeal No. 17400-17401 Case No. 2022-00892, 2022-02196 

[*1]In the Matter of Bellet Construction Co., Inc., et al., Petitioners-Appellants,
v
Melanie E. LaRocca etc., Respondent-Respondent. 

Justine Clare Moran, Astoria, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Jamison Davies of counsel), for respondent.

Order and judgment (one paper), Supreme Court, New York County (Laurence Love, J.), entered on or about November 17, 2021, denying the petition to, inter alia, annul the November 18, 2020 determination of respondent Commissioner of the New York City Department of Buildings (DOB), which, after a hearing, revoked petitioner Wayne Bellet's special rigger's license, and dismissing this proceeding brought pursuant to CPLR article 78, unanimously vacated, on the law, the proceeding treated as one transferred to this Court for de novo review, and, upon such review, the determination, unanimously confirmed, the petition denied, and the proceeding dismissed, without costs. Appeal from order, same court and Justice, entered on or about March 3, 2022, which denied petitioners' motion for leave to renew and reargue, unanimously dismissed, without costs, as moot.
Because the petition raised an issue of substantial evidence, it should have been transferred to this Court (CPLR 7804[g]; see Matter of 475 Kent Owner, LLC v New York City Loft Bd., 206 AD3d 401, 401 [1st Dept 2022], lv denied 39 NY3d 902 [2022]). We will treat it as though it had been transferred and dispose of all the issues.
The DOB did not exceed its jurisdiction by revoking the special rigger's license where the violations at issue arose from petitioners' involvement in a project as the general contractor (CPLR 7803[2]). Applicable law authorizes such revocation upon a finding of, among other things, "[n]egligence, incompetence, lack of knowledge, or disregard of this code and related laws and rules," or "[e]ngaging or assisting in any act that endangers the public safety and welfare" (Administrative Code of City of NY § 28-401.19[6], [11]; see Administrative Code § 28-101.3 ["Any reference in this title to 'this code' or 'the code' shall be deemed to be a reference to this title and all of the codes comprising the New York city construction codes unless the context or subject matter requires otherwise"]). The DOB made such findings here, adopting the findings made by the administrative law judge. To the extent that petitioners now claim that they were denied due process, these provisions sufficiently provided "notice of the proscribed conduct" (Matter of Addei v State Bd. for Professional Med. Conduct, 278 AD2d 551, 552 [3d Dept 2000]), and the administrative petition provided "fair notice of the charges" allowing Bellet to "prepare and present an adequate defense" (Whitbread-Nolan, Inc. v Shaffer, 183 AD2d 610, 612 [1st Dept 1992]; see also Mathews v Eldridge, 424 US 319, 333 [1976]; NY City Charter § 1046[a]-[c]).
The findings that Bellet violated several Building Code provisions is supported by substantial evidence (CPLR 7803[4]; 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180-181 [1978]). The record includes testimony and documents showing that the total square footage of brick replacement on the building faÇade required a permit; the support scaffolding was too [*2]tall to erect without a permit or design drawings; the scaffold did not have toe boards or guardrails; the workers on site did not have the proper training for use of a support scaffold; and the scaffold was not inspected daily prior to use (see Administrative Code § 28-105.1; NY City Building Code [Administrative Code of City of NY, tit 28, ch 7] §§ BC 3301.2, 3314.2, 3314.3.3, 3314.4.3.3, 3314.4.5). That petitioners presented evidence to the contrary is of no moment, as "the courts may not weigh the evidence or reject the conclusion of the administrative agency where the evidence is conflicting and room for choice exists" (Matter of CafÉ La China Corp. v New York State Liq. Auth., 43 AD3d 280, 281 [1st Dept 2007], citing Matter of Berenhaus v Ward, 70 NY3d 436, 444 [1987]).
To the extent that the petition challenges the severity of the penalty, we find that revocation was a reasonable exercise of discretion (CPLR 7803[3]; see e.g. Matter of Harvey v New York City Dept. of Bldgs., 180 AD3d 434, 435 [1st Dept 2020]).
We have considered petitioners' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 23, 2023